ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
PIXION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXION, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITRIX SYSTEMS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C09 03496 PVT<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(U.S. Patent Nos. 7,369,515 and 7,426,191)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pixion, Inc. ("PIXION") hereby alleges for its complaint against Defendant Citrix Systems, Inc. ("CITRIX") as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the Northern District of California (the "Court") has jurisdiction over this matter because it is an action for infringement arising under the United States Patent Act (35 U.S.C. § 1 *et seq.*). Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. PIXION is informed and believes, and thereon alleges, that CITRIX is subject to personal jurisdiction in the Northern District of California (the "District") because CITRIX has caused tortious injury in this District through acts committed both inside and outside the District.

CITRIX is further subject to personal jurisdiction in the District because CITRIX regularly solicits business in the District or derives substantial revenue from sales of goods—including goods infringing the patents-in-suit—in the District. CITRIX has engaged in a persistent course of conduct in the District. CITRIX further maintains its regional and divisional headquarters for Silicon Valley in the District at 4988 Great America Parkway, Santa Clara, California.

3. Venue for this action is proper in the District pursuant to 28 U.S.C. §§ 1391 and 1400 because a significant portion of CITRIX's infringing activities have occurred in the District. Venue is further proper in that CITRIX has a regular and established place of business in the District.

## INTRA-DISTRICT ASSIGNMENT

4. For the purposes of Civil L.R. 3-2(c) and (d), this is an Intellectual Property action and may be assigned to any division of the District.

## THE PARTIES

5. PIXION is a Delaware corporation with its principal place of business in San Ramon, California. PIXION was formed in 1995 with a primary focus on developing easy-to-use, secure, feature-rich, scalable and cost-effective interactive online meeting environments such as web conferencing solutions.

6. PIXION is informed and believes, and thereon alleges, that CITRIX is a Delaware corporation, which maintains its regional and divisional headquarters for Silicon Valley at 4988 Great America Parkway, Santa Clara, California. CITRIX purports to host and sell online meeting services for individual and corporate consumers.

## GENERAL ALLEGATIONS

**The Patents-in-Suit**

7. PIXION is the assignee of the entire right, title, and interest in United States patent numbers 7,369,515 (the "'515 Patent") and 7,426,191 (the "'191 Patent") (collectively the "Patents-in-Suit"), which embody certain innovative technologies relating to conferencing systems that have helped make PIXION the success that it is today.

8. The '515 Patent issued on May 6, 2008, and is entitled "Providing Conferencing Data in a Network Communications System Based on Client Capabilities." A true and correct copy of the '515 Patent is attached hereto as Exhibit A. The '515 Patent discloses, *inter alia,* a conference system whereby a conference server provides conference data to a client. One or more characteristics of the conference data are based on current capabilities of the client validated after establishing a client-server connection but prior to the client joining the conference.

9. The '191 Patent issued on September 16, 2008, and is entitled "Providing Conference Data in a Network Communications System Based on Client or Server Information Examined During a Conference." A true and correct copy of the '191 Patent is attached hereto as Exhibit B. The '191 Patent discloses, *inter alia,* a conference system whereby a conference server provides conference data to a client. One or more characteristics of the conference data are based on client or server information examined subsequent to both the client-server connection having been established and the client joining the conference.

**CITRIX's Unlawful Conduct Relating to the Patents-in-Suit**

10. PIXION is informed and believes, and thereon alleges, that CITRIX makes, uses, offers to sell, and sells in the United States and imports into the United States online conferencing and collaboration systems that infringe the Patents-in-Suit, including, but not limited to, CITRIX's GoToMeeting and GoToWebinar products and services.

11. CITRIX's unlawful activities have resulted in an unjust enrichment to CITRIX and immediate and irreparable harm to PIXION. If CITRIX's unlawful activities are not immediately

enjoined, CITRIX will continue to be unjustly enriched and will continue to irreparably harm PIXION. PIXION has no adequate remedy at law.

## COUNT I

### Infringement of U.S. Patent No. 7,369,515 by CITRIX

12. PIXION repeats and re-alleges each of the allegations set forth in paragraphs 1 through 11, as though fully set forth herein.

13. PIXION is informed and believes, and thereon alleges, that CITRIX's actions in making, using, importing, selling, distributing, and offering for sale the GoToMeeting and GoToWebinar products and services, and possibly other products and services, infringe the '515 Patent. PIXION is informed and believes, and thereon alleges, that CITRIX will continue to infringe the '515 Patent unless enjoined by the Court.

14. PIXION is informed and believes, and thereon alleges, that CITRIX is actively inducing others to infringe one or more claims of the '515 Patent and/or committing acts of contributory infringement with respect to one or more claims of the '515 Patent through CITRIX's activities related to making, using, importing, distributing, offering for sale, and/or selling the GoToMeeting and GoToWebinar products and services, and possibly other infringing products and services, in violation of 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c), respectively.

15. PIXION has been damaged by CITRIX's infringing conduct. CITRIX is therefore liable to PIXION for actual damages suffered and any profits realized on the sale of the GoToMeeting and GoToWebinar products and services, and possibly other infringing products and services, which are not taken into account in the computation of actual damages, as well as any statutory damages, such as treble damages. Moreover, such conduct is likely to cause substantial harm to PIXION unless the Court enjoins the infringing conduct.

WHEREFORE, PIXION prays for relief as set forth herein.

## COUNT II

### Infringement of U.S. Patent No. 7,426,191 by CITRIX

16. PIXION repeats and re-alleges each of the allegations set forth in paragraphs 1 through 11, as though fully set forth herein.

17. PIXION is informed and believes, and thereon alleges, that CITRIX's actions in making, using, importing, selling, distributing, and offering for sale the GoToMeeting and GoToWebinar products and services, and possibly other products and services, infringe the '191 Patent. PIXION is informed and believes, and thereon alleges, that CITRIX will continue to infringe the '191 Patent unless enjoined by the Court.

18. PIXION is informed and believes, and thereon alleges, that CITRIX is actively inducing others to infringe one or more claims of the '191 Patent and/or committing acts of contributory infringement with respect to one or more claims of the '191 Patent through CITRIX's activities related to making, using, importing, distributing, offering for sale, and/or selling the GoToMeeting and GoToWebinar products and services, and possibly other infringing products and services, in violation of 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c), respectively.

19. PIXION has been damaged by CITRIX's infringing conduct. CITRIX is therefore liable to PIXION for actual damages suffered and any profits realized on the sale of the GoToMeeting and GoToWebinar products and services, and possibly other infringing products and services, which are not taken into account in the computation of actual damages, as well as any statutory damages, such as treble damages. Moreover, such conduct is likely to cause substantial harm to PIXION unless the Court enjoins the infringing conduct.

WHEREFORE, PIXION prays for relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, PIXION requests entry of judgment in their favor and against CITRIX and each of them as follows:

A. On Count I, declaring that CITRIX has infringed one or more claims of the '515 Patent;

B. On Count I, preliminarily and/or permanently enjoining CITRIX and its officers, agents, servants, employees, and attorneys, and all persons acting in active concert or participation with them, from further infringing, contributing to, and/or inducing the infringement of the '515 Patent, in accordance with 35 U.S.C. § 283;

C. On Count I, awarding PIXION a reasonable royalty in an amount adequate to compensate PIXION for CITRIX's infringement, in accordance with 35 U.S.C. § 154;

D. On Count I, awarding PIXION damages in an amount adequate to compensate PIXION for CITRIX's infringement, in accordance with 35 U.S.C. § 284;

E. On Count II, declaring that CITRIX has infringed one or more claims of the '191 Patent;

F. On Count II, preliminarily and/or permanently enjoining CITRIX and its officers, agents, servants, employees, and attorneys, and all persons acting in active concert or participation with them, from further infringing, contributing to, and/or inducing the infringement of the '191 Patent, in accordance with 35 U.S.C. § 283;

G. On Count II, awarding PIXION a reasonable royalty in an amount adequate to compensate PIXION for CITRIX's infringement, in accordance with 35 U.S.C. § 154;

H. On Count II, awarding PIXION damages in an amount adequate to compensate PIXION for CITRIX's infringement, in accordance with 35 U.S.C. § 284;

I. On all counts, for actual damages according to proof;

J. On all counts, for interest on all the foregoing amounts, at the legal rate, with effect from the due date for payment;

K. On all counts, awarding PIXION its costs of suit, including reasonable attorneys' fees; and

L.     On all counts, granting such other and further relief as this Court may deem just and appropriate.

Dated: July 30, 2009

CARR & FERRELL LLP

By: _____
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTINE S. WATSON
Attorneys for Plaintiff
PIXION, INC.

## DEMAND FOR JURY TRIAL

Plaintiff PIXION, INC. hereby demands a jury trial of all issues in the above-captioned action that are triable to a jury.

Dated: July 30, 2009

CARR & FERRELL LLP

By: _____
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTINE S. WATSON
Attorneys for Plaintiff
PIXION, INC.