IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXION, INC., | No. C 09-03496 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | |
| CITRIX SYSTEMS, INC., | |
| Defendant. | |

On December 9, 2010, the Court heard argument on defendants' motion to enforce a settlement agreement. At the hearing, the parties explained that because the motion was based on documents produced during a mediation, and because of California privilege law, the motion was filed under seal.

District courts have the inherent and equitable power to enforce settlement agreements in cases pending before them. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). However, courts cannot enforce a settlement agreement where none exists; the parties must have actually agreed to the terms of settlement before the court can enforce that settlement. *Cf. United States v. Ward Baking Co.*, 376 U.S. 327, 334 (1964). The moving party has the burden to present a prima facie case that the parties formed an enforceable settlement agreement. *See Olam v. Congress Mortg. Co.*, 68 F. Supp. 2d 1110, 1137 n.19, 1140 (N.D. Cal. 1999). The Court finds that there is no settlement agreement to enforce.

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to enforce settlement agreement. (Doc. 46.)

The parties have **ten days from the date of this order** to request a detailed explanation for why defendants' motion is being denied. Any such request shall include a stipulation between the parties

as to what if any privileged information is requested to be omitted from the order.

**IT IS SO ORDERED.**

Dated: December 14, 2010

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California