ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
CARR & FERRELL *LLP*
120 Constitution Drive
Menlo Park, California 94025
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiff and Counterdefendant
PIXION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PIXION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITRIX SYSTEMS, INC., et al., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. C09-03496 SI <br><br> **PLAINTIFF AND COUNTERDEFENDANT PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S COUNTERCLAIMS FOR DECLARATORY RELIEF** |

Pixion, Inc. ("Pixion") responds to Citrix Systems, Inc.'s and Citrix Online, LLC's (collectively, "Citrix") January 6, 2011 counterclaims for declaratory relief ("Counterclaim") (Docket No. 64) as follows:

### NATURE OF THE ACTION

1. Pixion admits that Citrix purports the present action to be one for a declaratory judgment of non-infringement, unenforceability, and invalidity. Pixion denies that Citrix is in any way entitled to the relief requested in Citrix's Counterclaims.

2. Pixion admits the allegations of paragraph two of Citrix's Counterclaim.

-1-

3. Pixion admits the allegations of paragraph three of Citrix's Counterclaim.

4. Pixion admits that Citrix purports the present action to be one for declaratory relief. Pixion further admits that Citrix purports the Court to have jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2201. Pixion denies that Citrix is in any way entitled to relief under one or more of the foregoing sections of the United States Code.

5. Pixion admits the allegations of paragraph five of Citrix's Counterclaim.

6. Pixion admits the allegations of paragraph six of Citrix's Counterclaim.

7. Pixion denies the allegations of paragraph seven of Citrix's Counterclaim in that 35 U.S.C. § 285 does not in and of itself give rise to an exceptional case. Notwithstanding the foregoing, Pixion contends that if the present case is an exceptional case, such a finding is based upon the acts and/or omissions of Citrix, its officers, agents, servants, employees, and attorneys, and/or those other persons acting in active concert or participation with respect to—at least—the infringement of U.S. patent numbers 7,369,515, 7,426,191, 7,715,331 and 7,813,304 (the "'515 Patent," "'191 Patent," "'331 Patent," and "'304 Patent" respectively).

## COUNT I

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '515 PATENT)**

8. Pixion admits that Citrix incorporates the allegations of paragraphs 1-7 of its Counterclaim with respect to Count I. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-7 of the current answer as if fully set forth herein.

9. Pixion admits the allegations of paragraph nine of Citrix's Counterclaim.

10. Pixion admits that the charges of infringement levied by Pixion against Citrix and as described in paragraph ten of Citrix's Counterclaim, at the least, give rise to an actual and justiciable controversy between Citrix and Pixion.

11. Pixion denies the allegations of paragraph eleven of Citrix's Counterclaim.

12. Pixion denies the allegations of paragraph twelve of Citrix's Counterclaim.

## COUNT II

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '515 PATENT)**

13. Pixion admits that Citrix incorporates the allegations of paragraphs 1-12 of its Counterclaims with respect to Count II. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-12 of the current answer as if fully set forth herein.

14. Pixion denies the allegations of paragraph fourteen of Citrix's Counterclaim.

15. Pixion denies the allegations of paragraph fifteen of Citrix's Counterclaim.

## COUNT III

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '191 PATENT)**

16. Pixion admits that Citrix incorporates the allegations of paragraphs 1-15 of its Counterclaims with respect to Count III. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-15 of the current answer as if fully set forth herein.

17. Pixion admits the allegations of paragraph seventeen of Citrix's Counterclaim.

18. Pixion admits that the charges of infringement levied by Pixion against Citrix and as described in paragraph eighteen of Citrix's Counterclaim, at the least, give rise to an actual and justiciable controversy between Citrix and Pixion.

19. Pixion denies the allegations of paragraph nineteen of Citrix's Counterclaim.

20. Pixion denies the allegations of paragraph twenty of Citrix's Counterclaim.

## COUNT IV

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '191 PATENT)**

21. Pixion admits that Citrix incorporates the allegations of paragraphs 1-20 of its Counterclaims with respect to Count IV. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-20 of the current answer as if fully set forth herein.

22. Pixion denies the allegations of paragraph twenty-two of Citrix's Counterclaim.

23. Pixion denies the allegations of paragraph twenty-three of Citrix's Counterclaim.

## COUNT V

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '331 PATENT)**

24. Pixion admits that Citrix incorporates the allegations of paragraphs 1-23 of its Counterclaim with respect to Count V. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-23 of the current answer as if fully set forth herein.

25. Pixion admits the allegations of paragraph twenty-five of Citrix's Counterclaim.

26. Pixion admits that the charges of infringement levied by Pixion against Citrix and as described in paragraph twenty-six of Citrix's Counterclaim, at the least, give rise to an actual and justiciable controversy between Citrix and Pixion.

27. Pixion denies the allegations of paragraph twenty-seven of Citrix's Counterclaim.

28. Pixion denies the allegations of paragraph twenty-eight of Citrix's Counterclaim.

## COUNT VI

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '331 PATENT)**

29. Pixion admits that Citrix incorporates the allegations of paragraphs 1-28 of its Counterclaims with respect to Count VI. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-28 of the current answer as if fully set forth herein.

30. Pixion denies the allegations of paragraph thirty of Citrix's Counterclaim.

31. Pixion denies the allegations of paragraph thirty-one of Citrix's Counterclaim.

-4-

PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S
COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)

## COUNT VII

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '304 PATENT)**

32. Pixion admits that Citrix incorporates the allegations of paragraphs 1-31 of its Counterclaim with respect to Count VII. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-31 of the current answer as if fully set forth herein.

33. Pixion admits the allegations of paragraph thirty-three of Citrix's Counterclaim.

34. Pixion admits that the charges of infringement levied by Pixion against Citrix and as described in paragraph thirty-four of Citrix's Counterclaim, at the least, give rise to an actual and justiciable controversy between Citrix and Pixion.

35. Pixion denies the allegations of paragraph thirty-five of Citrix's Counterclaim.

36. Pixion denies the allegations of paragraph thirty-six of Citrix's Counterclaim.

## COUNT VIII

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '304 PATENT)**

37. Pixion admits that Citrix incorporates the allegations of paragraphs 1-36 of its Counterclaims with respect to Count VIII. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-36 of the current answer as if fully set forth herein.

38. Pixion denies the allegations of paragraph thirty-eight of Citrix's Counterclaim.

39. Pixion denies the allegations of paragraph thirty-nine of Citrix's Counterclaim.

## COUNT IX

**(DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '515 PATENT)**

40. Pixion admits that Citrix incorporates the allegations of paragraphs 1-39 of its Counterclaims with respect to Count IX. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-39 of the current answer as if fully set forth herein.

41. Pixion denies the allegations of paragraph forty-one of Citrix's Counterclaims.

42. Pixion denies the allegations of paragraph forty-two of Citrix's Counterclaims.

43. Pixion admits that Susan Yee, on April 14, 2005, submitted an information disclosure statement in the application that led to the '515 Patent. Pixion admits that the information disclosure statement filed on April 14, 2005 included a submission entitled "List of Co-Pending Applications That May be Directed Towards Similar Subject Matter." Pixion admits that the foregoing list identified U.S. patent application 10/753,702 (the '702 Application).

44. Pixion admits that the '702 Application was—at one or more times—examined on behalf of the United States Patent and Trademark Office by an individual identifying themselves as Frantz B. Jean.

45. Pixion admits that the application that led to the '515 Patent was—at one or more times—examined on behalf of the United States Patent and Trademark Office by an individual identifying themselves as Robert Wilson.

46. Pixion admits that Examiner Jean issued a non-final office action in the '702 Application on February 1, 2006. Pixion admits that the February 1, 2006 rejection in the '702 Application included a provisional rejection for non-statutory obviousness-type double patenting.

47. Pixion admits that on February 21, 2006, Susan Yee filed a response in the '702 Application, said response addressing the February 1, 2006 non-final office action.

48. Pixion admits that Susan Yee filed an information disclosure statement in the application that lead to the '515 Patent on April 24, 2006. Pixion admits that the information disclosure statement filed April 24, 2006 did not identify the February 1, 2006 office action from the '702 Application. Pixion denies Citrix's characterization or suggestion that Susan Yee "failed to disclose" the aforementioned office action in the April 24, 2006 information disclosure statement.

49. Pixion admits that the February 1, 2006 office action from the '702 Application was not identified in any subsequent information disclosure statement filed during prosecution of the application that led to the '515 Patent. Pixion denies Citrix's characterization or suggestion that Susan Yee "failed to disclose" the aforementioned office action during prosecution of the '515

1  Patent.

2  50.     Pixion denies Citrix's allegation that "[t]he February 1, 2006 office action was
3  material to the prosecution of the application that led to the '515 Patent at least because Attorney
4  Yee indicated that the '702 application contained claims directed to similar subject matter as the
5  '515 Patent" for at least the reason that Susan Yee did not make any such indication; during
6  prosecution of the application that led to the '515 Patent, Susan Yee indicated that the '702
7  Application "may be directed towards similar subject matter" as the application that lead to the '515
8  Patent.  Pixion further denies Citrix's allegation that "[t]he February 1, 2006 office action was . . .
9  material because it included rationale from a different Examiner that rejected the similar claims" for
10 at least the reason that it has not been established that the claims in the '702 Application and the
11 application that led to the '515 Patent included "similar claims" nor that "different rationale from a
12 different Examiner" would constitute materiality even if the '702 Application and that application
13 that led to the '515 Patent included "similar claims."  Pixion denies each of the remaining
14 allegations of paragraph fifty of Citrix's Counterclaim.

15 51.     Pixion admits that an office action was issued in the '702 Application on March 15,
16 2006.  Pixion admits that all of the then pending claims of the '702 Application were rejected under
17 one or more grounds in the March 15, 2006 office action.  Pixion admits that the March 15, 2006
18 office action in the '702 Application rejected claims 23-54 as being anticipated by U.S. patent
19 number 5,859,979 to Tung et al.  Pixion admits that the March 15, 2006 office action in the '702
20 Application included the rationale of Examiner Jean with respect to the application of the Tung et
21 al. against claims 23-54 of the '702 Application.  Pixion admits that the March 15, 2006 office
22 action included rejections other than the anticipation rejection per Tung et al.

23 52.     Pixion admits that Kenneth Kaslow filed a response in the '702 Application dated
24 June 16, 2006.  Pixion admits that the June 16, 2006 response addressed certain rejections raised in
25 the aforementioned office action dated March 15, 2006.

26 53.     Pixion admits that Kenneth Kaslow filed an information disclosure statement in the
27 application that led to the '515 Patent on September 14, 2006.

28 54.     Pixion admits that the information disclosure statement filed in the application that

-7-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S
COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**

lead to the '515 Patent on September 14, 2006 did not include the March 15, 2006 office action from the '702 Application. Pixion denies Citrix's characterization or suggestion that Kenneth Kaslow "failed to disclose" the aforementioned office action in the September 14, 2006 information disclosure statement.

55. Pixion admits that the March 15, 2006 office action from the '702 Application was not identified in any subsequent information disclosure statement filed during prosecution of the application that led to the '515 Patent. Pixion denies Citrix's characterization or suggestion that Kenneth Kaslow "failed to disclose" the aforementioned office action during prosecution of the '515 Patent.

56. Pixion admits that Susan Yee did not identify the March 15, 2006 office action from the '702 Application in any information disclosure statement in the application that led to the '515 Patent. Pixion denies Citrix's characterization or suggestion that Susan Yee "failed to disclose" the aforementioned office action during prosecution of the '515 Patent.

57. Pixion denies Citrix's allegation that "[t]he March 15, 2006 office action was material to the prosecution of the application that led to the '515 Patent at least because Attorney Yee indicated that the '702 application contained claims directed to similar subject matter as the '515 Patent" for at least the reason that Susan Yee did not make any such indication; during prosecution of the application that led to the '515 Patent, Susan Yee indicated that the '702 Application "may be directed towards similar subject matter" as the application that lead to the '515 Patent. Pixion further denies Citrix's allegation that "[t]he March 15, 2006 office action was . . . material because it included rationale from a different Examiner for rejecting those similar claims" for at least the reason that it has not been established that the claims in the '702 Application and the application that led to the '515 Patent included "similar claims" nor that "different rationale from a different Examiner" would constitute materiality even if the '702 Application and that application that led to the '515 Patent included "similar claims." Pixion denies each of the remaining allegations of paragraph fifty-seven of Citrix's Counterclaim.

58. Pixion admits that on September 25, 2006, Examiner Jean issued a final office action in the '702 Application. Pixion admits that the September 25, 2006 final office action in the '702

-8-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S
COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**

Application rejected all pending claims. Pixion admits that the September 25, 2006 final office action in the '702 Application rejected claim 23-51 and 53-54 as being anticipated by U.S. patent number 5,859,979 to Tung et al. Pixion admits that the September 25, 2006 final office action in the '702 Application included the rationale of Examiner Jean with respect to the application of the Tung et al. against claims 23-51 and 53-54 of the '702 Application.

59.     Paragraph fifty-nine of Citrix's Counterclaim is too vague and ambiguous to allow for a response; Pixion denies the allegations set forth in paragraph fifty-nine for at least that reason. Notwithstanding Citrix's failure to plead with particularity and clarity, Pixion admits that the September 25, 2006 final office action from the '702 Application was not identified during prosecution of the application that led to the '515 Patent. Pixion denies, however, Citrix's suggestion or characterization that Kenneth Kaslow or Susan Yee "fail[ed] to disclose material information to the USPTO." Pixion further denies Citrix's suggestion or characterization that there has ever existed a "pattern of fail[ure] to disclose material information to the USPTO." Pixion admits that the application that led to the '515 Patent remained pending before the United States Patent and Trademark Office until May 6, 2008.

60.     Pixion admits that none of the office actions from the '702 Application were disclosed during prosecution of the application that led to the '515 Patent. Pixion denies Citrix's suggestion or characterization that the fact that the '702 Application was identified as a "Co-Pending Patent Application[] That May be Directed Towards Similar Subject Matter" gave rise to the need to disclose the office actions from the '702 Application in the application that led to the '515 Patent.

61.     Pixion denies the allegations of paragraph sixty-one of Citrix's Counterclaim.

62.     Pixion denies the allegations of paragraph sixty-two of Citrix's Counterclaim, including but not limited to any suggestion or characterization by Citrix that Pixion, the inventors, and/or those substantively involved with the prosecution of the '515 Patent "failed to satisfy their duty to disclose" or otherwise "conceal[ed]" information from the United States Patent and Trademark Office.

63.     Pixion admits that U.S. patent application number 11/636,071 (the '071 Application)

-9-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S
COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**

was filed on December 8, 2006. Pixion admits that the '071 Application was—at one or more times during prosecution—examined on behalf of the United States Patent and Trademark Office by an individual identifying themselves as Frantz Jean.

64. Pixion admits that Kenneth Kaslow was an attorney of record for the '071 Application. Pixion admits that Kenneth Kaslow filed a response to an office action in the '071 Application on June 12, 2007 and later on October 17, 2007.

65. Pixion admits that the October 17, 2007 response included new claim 24, which recited "the conference server is further configured to negotiate and establish capabilities of participants in the video conference." Pixion denies the second sentence of paragraph sixty-five of Citrix's Counterclaim for at least the reasons that it is too vague and ambiguous to allow for a response. Pixion admits that claim 24 of the '071 Application as presented on October 17, 2007 was later rejected by Examiner Jean in an office action dated November 16, 2007. Pixion admits that the November 16, 2007 office action included the Examiner's basis for the rejection.

66. Pixion denies the allegations of paragraph sixty-six of Citrix's Counterclaim, including but not limited to any suggestion or characterization by Citrix that Kenneth Kaslow "concealed" information from the United States Patent and Trademark Office or that he "fail[ed] to disclose any of the office actions issued by Examiner Jean in the '071 application." Pixion likewise denies Citrix's suggestion or characterization that there ever existed a "pattern of concealing material office actions" from the United States Patent and Trademark Office.

67. Pixion denies the allegations of paragraph sixty-seven of Citrix's Counterclaims.

68. Pixion denies the allegations of paragraph sixty-eight of Citrix's Counterclaims.

### COUNT X

**(DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '304 PATENT)**

69. Pixion admits that Citrix incorporates the allegations of paragraphs 1-68 of its Counterclaims with respect to Count X. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-68 of the current answer as if fully set forth herein.

-10-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**

70. Pixion admits that the '304 Patent is a continuation of the '515 Patent and that '304 Patent and '515 Patent share a common specification. Pixion denies each of the remaining allegations of paragraph seventy of Citrix's Counterclaim for at least the reasons that it is too vague and ambiguous to allow for a response.

### COUNT XI

#### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '191 PATENT)

71. Pixion admits that Citrix incorporates the allegations of paragraphs 1-70 of its Counterclaims with respect to Count XI. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-70 of the current answer as if fully set forth herein.

72. Pixion denies the allegations of paragraph seventy-two of Citrix's Counterclaims.

73. Pixion denies the allegations of paragraph seventy-three of Citrix's Counterclaims.

74. Pixion admits that Susan Yee, on April 14, 2005, submitted an information disclosure statement in the application that led to the '191 Patent. Pixion admits that the information disclosure statement filed on April 14, 2005 included a submission entitled "List of Co-Pending Applications That May be Directed Towards Similar Subject Matter." Pixion admits that the foregoing list identified the '702 Application.

75. Pixion admits that the '702 Application was—at one or more times—examined on behalf of the United States Patent and Trademark Office by an individual identifying themselves as Frantz B. Jean.

76. Pixion admits that the application that led to the '191 Patent was—at one or more times—examined on behalf of the United States Patent and Trademark Office by an individual identifying themselves as Robert Wilson.

77. Pixion admits that Examiner Jean issued a non-final office action in the '702 Application on February 1, 2006. Pixion admits that the February 1, 2006 rejection in the '702 Application included a provisional rejection for non-statutory obviousness-type double patenting.

78. Pixion admits that on February 21, 2006, Susan Yee filed a response in the '702

-11-

1  Application, said response addressing the February 1, 2006 non-final office action.

2       79.    Pixion admits that Susan Yee filed an information disclosure statement in the
3  application that lead to the '191 Patent on May 22, 2006. Pixion admits that the information
4  disclosure statement filed May 22, 2006 did not identify the February 1, 2006 office action from the
5  '702 Application. Pixion denies Citrix's characterization or suggestion that Susan Yee "failed to
6  disclose" the aforementioned office action in the May 22, 2006 information disclosure statement.

7       80.    Pixion admits that Susan Yee filed an information disclosure statement in the
8  application that led to the '191 Patent on May 25, 2006. Pixion admits that the May 25, 2006
9  information disclosure statement filed in the application that led to the '191 Patent did not identify
10 the February 1, 2006 office action from the '702 Application. Pixion denies Citrix's
11 characterization or suggestion that Susan Yee "failed to disclose" the aforementioned office action
12 in the May 25, 2006 information disclosure statement.

13      81.    Pixion admits that the February 1, 2006 office action from the '702 Application was
14 not identified in any subsequent information disclosure statement filed during prosecution of the
15 application that led to the '191 Patent. Pixion denies Citrix's characterization or suggestion that
16 Susan Yee "failed to disclose" the aforementioned office action during prosecution of the '191
17 Patent.

18      82.    Pixion denies Citrix's allegation that "[t]he February 1, 2006 office action was
19 material to the prosecution of the application that led to the '191 Patent at least because Attorney
20 Yee indicated that the '702 application contained claims directed to similar subject matter as the
21 '191 Patent" for at least the reason that Susan Yee did not make any such indication; during
22 prosecution of the application that led to the '191 Patent, Susan Yee indicated that the '702
23 Application "may be directed towards similar subject matter" as the application that lead to the '191
24 Patent. Pixion further denies Citrix's allegation that "[t]he February 1, 2006 office action was . . .
25 material because it included rationale from a different Examiner that rejected the similar claims" for
26 at least the reason that it has not been established that the claims in the '702 Application and the
27 application that led to the '191 Patent included "similar claims" nor that "different rationale from a
28 different Examiner" would constitute materiality even if the '702 Application and that application

-12-

that led to the '191 Patent included "similar claims." Pixion denies each of the remaining allegations of paragraph eighty-two of Citrix's Counterclaim.

83. Pixion admits that an office action was issued in the '702 Application on March 15, 2006. Pixion admits that all of the then pending claims of the '702 Application were rejected under one or more grounds in the March 15, 2006 office action. Pixion admits that the March 15, 2006 office action in the '702 Application rejected claim 23-54 as being anticipated by U.S. patent number 5,859,979 to Tung et al. Pixion admits that the March 15, 2006 office action in the '702 Application included the rationale of Examiner Jean with respect to the application of the Tung et al. against claims 23-54 of the '702 Application. Pixion admits that the March 15, 2006 office action included rejections other than the anticipation rejection per Tung et al.

84. Pixion admits that Kenneth Kaslow filed a response in the '702 Application dated June 16, 2006. Pixion admits that the June 16, 2006 response addressed certain rejections raised in the aforementioned office action dated March 15, 2006.

85. Pixion admits that Kenneth Kaslow filed an information disclosure statement in the application that led to the '191 Patent on September 14, 2006.

86. Pixion admits that the information disclosure statement filed in the application that lead to the '191 Patent on September 14, 2006 did not include the March 15, 2006 office action from the '702 Application. Pixion denies Citrix's characterization or suggestion that Kenneth Kaslow "failed to disclose" the aforementioned office action in the September 14, 2006 information disclosure statement.

87. Pixion admits that the March 15, 2006 office action from the '702 Application was not identified in any subsequent information disclosure statement filed during prosecution of the application that led to the '191 Patent. Pixion denies Citrix's characterization or suggestion that Kenneth Kaslow "failed to disclose" the aforementioned office action during prosecution of the '191 Patent.

88. Pixion admits that Susan Yee did not identify the March 15, 2006 office action from the '702 Application in any information disclosure statement in the application that led to the '191 Patent. Pixion denies Citrix's characterization or suggestion that Susan Yee "failed to disclose" the

-13-

aforementioned office action during prosecution of the '191 Patent.

89. Pixion denies Citrix's allegation that "[t]he March 15, 2006 office action was material to the prosecution of the application that led to the '191 Patent at least because Attorney Yee indicated that the '702 application contained claims directed to similar subject matter as the '191 Patent" for at least the reason that Susan Yee did not make any such indication; during prosecution of the application that led to the '191 Patent, Susan Yee indicated that the '702 Application "may be directed towards similar subject matter" as the application that lead to the '191 Patent. Pixion further denies Citrix's allegation that "[t]he March 15, 2006 office action was . . . material because it included rationale from a different Examiner for rejecting those similar claims" for at least the reason that it has not been established that the claims in the '702 Application and the application that led to the '191 Patent included "similar claims" nor that "different rationale from a different Examiner" would constitute materiality even if the '702 Application and that application that led to the '191 Patent included "similar claims." Pixion denies each of the remaining allegations of paragraph eighty-nine of Citrix's Counterclaim.

90. Pixion admits that on September 25, 2006, Examiner Jean issued a final office action in the '702 Application. Pixion admits that the September 25, 2006 final office action in the '702 Application rejected all pending claims. Pixion admits that the September 25, 2006 final office action in the '702 Application rejected claim 23-51 and 53-54 as being anticipated by U.S. patent number 5,859,979 to Tung et al. Pixion admits that the September 25, 2006 final office action in the '702 Application included the rationale of Examiner Jean with respect to the application of the Tung et al. against claims 23-51 and 53-54 of the '702 Application.

91. Paragraph ninety-one of Citrix's Counterclaim is too vague and ambiguous to allow for a response; Pixion denies the allegations set forth in paragraph ninety-one for at least that reason. Notwithstanding Citrix's failure to plead with particularity and clarity, Pixion admits that the September 25, 2006 final office action from the '702 Application was not identified during prosecution of the application that led to the '191 Patent. Pixion denies, however, Citrix's suggestion or characterization that Kenneth Kaslow or Susan Yee "fail[ed] to disclose material information to the USPTO." Pixion further denies Citrix's suggestion or characterization that there

-14-

has ever existed a "pattern of fail[ure] to disclose material information to the USPTO." Pixion admits that the application that led to the '191 Patent remained pending before the United States Patent and Trademark Office until September 16, 2008.

92. Pixion admits that none of the office actions from the '702 Application were disclosed during prosecution of the application that led to the '191 Patent. Pixion denies Citrix's suggestion or characterization that the fact that the '702 Application was identified as a "Co-Pending Patent Application[] That May be Directed Towards Similar Subject Matter" gave rise to the need to disclose the office actions from the '702 Application in the application that led to the '191 Patent.

93. Pixion denies the allegations of paragraph ninety-three of Citrix's Counterclaim.

94. Pixion denies the allegations of paragraph ninety-four of Citrix's Counterclaim, including but not limited to any suggestion or characterization by Citrix that Pixion, the inventors, and/or those substantively involved with the prosecution of the '191 Patent "failed to satisfy their duty to disclose" or otherwise "conceal[ed]" information from the United States Patent and Trademark Office.

95. Pixion admits that the '071 Application was filed on December 8, 2006. Pixion admits that the '071 Application was—at one or more times during prosecution—examined on behalf of the United States Patent and Trademark Office by an individual identifying themselves as Frantz Jean.

96. Pixion admits that Kenneth Kaslow was an attorney of record for the '071 Application. Pixion admits that Kenneth Kaslow filed a response to an office action in the '071 Application in June 12, 2007 and later on October 17, 2007.

97. Pixion admits that the October 17, 2007 response included new claim 24, which recited "the conference server is further configured to negotiate and establish capabilities of participants in the video conference." Pixion denies the second sentence of paragraph ninety-seven of Citrix's Counterclaim for at least the reasons that it is too vague and ambiguous to allow for a response. Pixion admits that claim 24 of the '071 Application as presented on October 17, 2007 was later rejected by Examiner Jean in an office action dated November 16, 2007. Pixion admits

-15-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S
COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**

that the November 16, 2007 office action included the Examiner's basis for the rejection.

98.  Pixion denies the allegations of paragraph ninety-eight of Citrix's Counterclaim, including but not limited to any suggestion or characterization by Citrix that Kenneth Kaslow "concealed" information from the United States Patent and Trademark Office or that he "fail[ed] to disclose any of the office actions issued by Examiner Jean in the '071 application." Pixion likewise denies Citrix's suggestion or characterization that there ever existed a "pattern of concealing material office actions" from the United States Patent and Trademark Office.

99.  Pixion denies the allegations of paragraph ninety-nine of Citrix's Counterclaims.

100. Pixion denies the allegations of paragraph one hundred of Citrix's Counterclaims.

## COUNT XII

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '331 PATENT)

101. Pixion admits that Citrix incorporates the allegations of paragraphs 1-100 of its Counterclaims with respect to Count XII. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-100 of the current answer as if fully set forth herein.

102. Pixion admits that the '331 Patent is a continuation of the '191 Patent and that '331 Patent and '191 Patent share a common specification. Pixion denies each of the remaining allegations of paragraph one hundred and two of Citrix's Counterclaim for at least the reasons that it is too vague and ambiguous to allow for a response.

## COUNT XIII

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '331 PATENT)

103. Pixion admits that Citrix incorporates the allegations of paragraphs 1-102 of its Counterclaims with respect to Count XIII. Pixion similarly incorporates its admissions, denials, and/or any qualification as set forth in the context of paragraphs 1-102 of the current answer as if fully set forth herein.

104. Pixion admits that Deepa Ravindranath, on July 10, 2008, filed an information

1  disclosure statement in the prosecution of the '331 Patent that included a submission entitled "List
2  of Co-Pending Patents and Patent Applications That May be Directed Towards Similar Subject
3  Matter." Pixion admits that the foregoing list did not include the '071 Application.

4      105.    Pixion admits that Deepa Ravindranath was involved in the prosecution of the '071
5  Application and filed a Response to a Non-Final Office Action dated November 11, 2007 during the
6  prosecution of the '071 Application.

7      106.    Paragraph one hundred and six of Citrix's Counterclaim is too vague and ambiguous
8  to allow for a response; Pixion denies the allegations set forth in paragraph one hundred and six for
9  at least that reason.

10     107.    Pixion denies Citrix's allegation that "[t]he '331 Patent includes claims that are
11 directed at least in part to a conference server that is configured to negotiate and establish
12 capabilities of participants in the video conference" for at least the reason that the claims of the '331
13 Patent must be considered in context and as a whole, and not in isolation.

14     108.    Pixion lacks knowledge or information sufficient to form a belief about the truth of
15 the allegations of paragraph one hundred and eight of Citrix's Counterclaim; Pixion denies the
16 allegations set forth in paragraph one hundred and eight for at least that reason. Pixion further
17 denies Citrix's allegation that there was a "similarity between claim 24 of the '071 application and
18 the claims of the '331 Patent" for at least the reason that it has not been established that claim 24 of
19 the '071 Application and the claims in the '331 Patent are "similar."

20     109.    Pixion admits the allegations of paragraph one hundred and nine of Citrix's
21 Counterclaim.

22     110.    Pixion lacks knowledge or information sufficient to form a belief about the truth of
23 the allegations of paragraph one hundred and ten of Citrix's Counterclaim; Pixion denies the
24 allegations set forth in paragraph one hundred and ten for at least that reason.

25     111.    Paragraph one hundred and eleven of Citrix's Counterclaim is too vague and
26 ambiguous to allow for a response; Pixion denies the allegations set forth in paragraph one hundred
27 and eleven for at least that reason.

28     112.    Pixion admits that Deepa Ravindranath, on July 10, 2008, filed an information

disclosure statement with the USPTO that included "Pixion, Inc. v. Citrix Systems, Inc. et al. (N.D. Cal. C-09-03496 (SI), 'Defendant Citrix Systems, Inc.'s and Citrix Online, LLC's Answer to Complaint for Patent Infringement and Counterclaims for Declaratory Relief' (November 6, 2009)," and identified the existence of an Office Action mailed November 16, 2007 in the '071 Application, a Response to Office Action mailed December 8, 2006 in the '071 Application, a Request for Continued Examination mailed October 17, 2007 in the '071 Application, and a Notice of Allowance mailed July 8, 2008 in the '071 Application.

113.	Pixion denies the allegations of paragraph one hundred and thirteen of Citrix's Counterclaims.

114.	Pixion denies the allegations of paragraph one hundred and fourteen of Citrix's Counterclaims.

115.	Paragraph one hundred and fifteen of Citrix's Counterclaim is too vague and ambiguous to allow for a response; Pixion denies the allegations set forth in paragraph one hundred and fifteen for at least that reason.

116.	Paragraph one hundred and sixteen of Citrix's Counterclaim is too vague and ambiguous to allow for a response; Pixion denies the allegations set forth in paragraph one hundred and sixteen for at least that reason.

117.	Pixion admits that the USPTO issued the '331 Patent following payment of the issue fee. The remaining allegations of paragraph one hundred and eighteen of Citrix's Counterclaims are too vague and ambiguous to allow for a response; Pixion denies those allegations for at least that reason.

118.	Pixion denies the allegations of paragraph one hundred and eighteen of Citrix's Counterclaims.

## PRAYER FOR RELIEF

Pixion requests entry of judgment in its favor and for the denial of any and all relief sought by Citrix in its Counterclaims.


Dated:  January 27, 2011                               CARR & FERRELL *LLP*


By:   /s/ Colby B. Springer
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTOPHER P. GREWE

Attorneys for Plaintiff and Counterdefendant
PIXION, INC.

-19-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S
COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**

# DEMAND FOR A JURY TRIAL

Pixion requests a jury trial on all claims and issues so triable.

Dated: January 27, 2011                    CARR & FERRELL LLP


By:  /s/ Colby B. Springer
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTOPHER P. GREWE

Attorneys for Plaintiff and Counterdefendant
PIXION, INC.

-20-

**PIXION, INC.'S ANSWER TO CITRIX SYSTEMS, INC.'S AND CITRIX ONLINE, LLC'S COUNTERCLAIMS FOR DECLARATORY RELIEF (CASE NO. C09-03496 SI)**