COLBY B. SPRINGER (SBN 214868)
cspringer@lrlaw.com
**LEWIS AND ROCA LLP**
2440 W. El Camino Real, 6th Floor
Mountain View, CA 94040-1499
Telephone: (650) 391-1380
Facsimile: (650) 391-1495

SHANE OLAFSON (admitted *pro hac vice*)
solafson@lrlaw.com
NATHANIEL EDWARDS (admitted *pro hac vice*)
nedwards@lrlaw.com
**LEWIS AND ROCA LLP**
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004
Telephone: (602) 262-5367
Facsimile: (602) 748-2530

*Attorneys for Plaintiff and Counterdefendant Pixion, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PIXION, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITRIX SYSTEMS, INC., et al.,<br><br>　　　　　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. C09-03496-SI (PVT-CRB)<br><br>*(Consolidated CASE NO. C03-02909-SI)*<br><br>**PIXION INC.'S OPPOSITION TO CITRIX SYSTEMS, INC. et al.'s MOTION FOR LEAVE TO AMEND**<br><br>**Date:** April 6, 2012<br>**Time:** 9 A.M.<br>**Courtroom:** 10 (19th Floor)<br>**Judge:** Hon. Susan Illston |

Citrix Systems, Inc. and Citrix Online, LLC's ("Citrix") MOTION FOR LEAVE TO AMEND COUNTERCLAIMS should be denied. Citrix's proposed amendment sets forth little more than conclusions that lack supporting facts. In those few instances where Citrix does cite to the factual record, those recitations are either inaccurate or taken out of context. And notwithstanding being on notice by way of prior motion practice as to Pixion, Inc.'s ("Pixion") intent to hold Citrix to the heightened pleading standards for inequitable conduct (*see, e.g.,* DKT. NO. 102), Citrix failed to preemptively address the issues related to evidencing specific intent in its proposed amendment.

There is but one conclusion that can be drawn from Citrix's failure to properly plead inequitable conduct: the facts simply are not there to support such a claim. This lack of factual evidence directly correlates to the futility of Citrix's request for leave to amend. This futile effort, when taken in conjunction with Citrix's undue delay in seeking leave and the prejudice that would be suffered by Pixion, lends to the conclusion that this motion should be denied.

### I. **LEGAL STANDARD**

The Federal Rules of Civil Procedure allow amendment "when justice so requires." FED.R.CIV.P. 15(a)(2). "[L]iberality in granting leave to amend," however, "is subject to several limitations." *Cafasso v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011). Those limitations include bad faith by the movant, undue delay, undue prejudice to the opposing party, and futility. See *Cafasso*, 637 at 1058. At least three of those of those factors are present in the context of Citrix's motion for leave to amend: undue delay, prejudice to Pixion, and futility.

### II. **CITRIX'S MOTION FOR LEAVE TO AMEND IS UNNECESSARILY DELAYED**

The complaint for this action was filed almost three years ago on July 30, 2009. DKT. NO. 1. The parties conducted their Rule 26 conference on October 26, 2009. See DECLARATION OF COLBY B. SPRINGER, ¶ 2 ("SPRINGER DECLARATION"); DKT. NO. 29, p. 4, l. 5. Notwithstanding being able to commence discovery under Rule 26(d)(1) following the aforementioned conference, Citrix did not propound its first document requests in earnest until May 10, 2011-- nearly **two**

Lewis and Roca LLP
2440 West El Camino Real
6th Floor
Mountain View, CA 94040-1499

1

**PIXION'S OPPOSITION TO CITRIX'S MOTION FOR LEAVE TO AMEND    CASE NO. CV 09-03496 SI**

**years** after the case had been filed. See SPRINGER DECLARATION, ¶ 3[1]. No later than July 22, 2011, Pixion produced the deposition transcript of Mr. Peter Madams[2] from an earlier litigation; Mr. Madams transcript may have been produced as early as June 21, 2011. See SPRINGER DECLARATION, ¶ 4. Over five months later on December 30, 2011, and with but two months left in fact discovery, Citrix finally indicated its intent to seek the deposition of Mr. Madams. See SPRINGER DECLARATION, ¶ 5. Mr. Madams was served with process on January 12, 2012. See SPRINGER DECLARATION, ¶ 6.[3] Mr. Madams sat for his deposition on February 10, 2012. See SPRINGER DECLARATION, ¶ 8. Discovery closed on February 14, 2012. DKT. NO. 101.

Counsel for Citrix contacted Pixion on February 23, 2012, nearly two weeks later after the close of fact discovery, requesting a meet and confer with respect to Citrix amending its counterclaims. SPRINGER DECLARATION, ¶ 9. Counsel for Pixion requested a copy of the proposed amended pleading and was provided with the same on Friday, February 24, 2012. *Id.* Counsel for Pixion, having reviewed the proposed amended complaint, indicated to counsel for Citrix the following Monday, February 27, 2012, that Pixion would not stipulate to the filing of the amended complaint. *Id.* Citrix filed its motion for leave to amend February 28, 2012. DKT. NO. 107.

Citrix contends that "[t]his amendment became necessary following the deposition of Peter Madams." SEALED MOTION OF P&A, 2:9. Citrix further contends that "one of the named inventors of the patents-in-suit [Mr. Madams] was aware of [purportedly] material prior art and failed to disclose it to the United States Patent and Trademark Office." SEALED MOTION OF P&A,

---

[1] Citrix initially propounded a request for documents on March 15, 2010, but subsequently withdrew that request per agreement of the parties. See SPRINGER DECLARATION, ¶ 3 and EXHIBIT A.
[2] Mr. Madams is a named inventor for the Patents-in-Suit.
[3] A two-week window did exist with respect to determining whether Lewis and Roca LLP (current counsel) was authorized to accept service on behalf of Mr. Madams as Carr & Ferrell LLP (prior counsel) had previously been designated as representing Mr. Madams. See SPRINGER DECLARATION, ¶ 6. Carr & Ferrell LLP was relieved of authority to represent Pixion on or about November 17, 2011. *Id.* Pixion notes that it did not formally file a motion to disassociate Carr & Ferrell LLP in this matter until March 13, 2012. DKT. NO. 115. Notwithstanding, Pixion does not include that approximately two-week period to be a part of Citrix's undue delay. See SPRINGER DECLARATION, ¶ 7. Notwithstanding this two-week exception, significant and undue delay nevertheless exists up to and including the suggestion of even deposing Mr. Madams, which first occured on December 30, 2011. See SPRINGER DECLARATION, ¶ 5 and EXHIBIT B.

3:21-23. Citrix has been aware of Mr. Madams as an inventor of the Patents-in-Suit as he is clearly named on the face of each of said patents. See DKT. NO. 62, EXHIBITS A-D (U.S. patent numbers 7,369,515; 7,426,191; 7,813,304; and 7,715,331) (collectively, the Patents-in-Suit); see also SPRINGER DECLARATION, ¶ 10.

Citrix identified Mr. Madams in their initial disclosures under Rule 26(a) in December 2009. See SPRINGER DECLARATION, ¶ 11 and EXHIBIT C. Citrix has been aware of Mr. Madams involvement in patent proceedings, including the review of purported prior art in light of Mr. Madams deposition testimony in a prior litigation matter, that testimony provided to Citrix no later than July 22, 2011. See SPRINGER DECLARATION, ¶ 12 and EXHIBIT D, 63:7-64:11 ((PIX-13942). Citrix became aware of not only the CU-SeeMe reference shortly after this action was filed by virtue of CU-SeeMe being referenced in the file wrapper of the '515 Patent, but also that *Mr. Madams* was aware of CU-SeeMe as the '515 Patent file wrapper includes not only documentation making direct reference to CU-SeeMe, but that documentation includes Mr. Madams' affixed to the same. See SPRINGER DECLARATION, ¶ 13 and EXHIBIT E. Citrix certainly knew of CU-SeeMe by January 19, 2010, when it served its invalidity contentions, which specifically referenced the CU-SeeMe product. See SPRINGER DECLARATION, ¶ 14.

Notwithstanding (a) having ready access as to Mr. Madam's awareness of the CU-SeeMe product by way of the '515 Patent file wrapper, which Citrix certainly reviewed once the present action was filed in July 2009; (b) being specifically aware of CU-SeeMe no later than January 19, 2010; and (c) having specific knowledge as to Mr. Madams' involvement in examining purported prior art no later than July 22, 2011 upon receipt of his deposition from the *Placeware* litigation, it was not until **December 30, 2011** that Citrix sought to take the deposition of Mr. Madams and not until February 23, 2012-- **after fact discovery had closed**-- that Citrix sought to amend its counterclaims.

The United States Court of Appeals for the Ninth Circuit "does not look favorably on delayed motions to amend when the **facts and theory** have been known to the party seeking the amendment since the beginning of the action." *Kowalow v. Corr. Servs. Corp.*, 35 Fed. Appx. 344, 346 (9th Cir. 2002) (emphasis added); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th

Cir. 1990) (a relevant consideration is when the moving party "knew or should have known the facts and theories raised by the amendment in the original pleading"). Motions for leave to amend are thus frequently denied where the moving party either had or should have had knowledge of the facts at the time of the original pleading. *See, e.g., McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (finding undue delay where moving party should have been aware of claim when filing the original complaint); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (denying leave where alleged 'new' facts had long been available to moving party); *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 U.S. Dist. LEXIS 58736, at *17-18 (N.D. Cal. Aug. 1, 2007) (refusing to grant leave to amend where the plaintiff provided no explanation why it could not have alleged facts earlier and allowed defendants to conduct proper discovery). Citrix had all of the 'pieces of the puzzle' no later than **July 22, 2011** if not by January 19, 2010. Citrix nevertheless--with less than three month before motions for summary judgment are due to be filed--seeks leave to amend and *after* the close of fact discovery. See DKT. NO. 101 (concerning June 8, 2012, deadline for filing motions for summary judgment). Citrix provides no reason for its delay in seeking discovery as to Mr. Madams and CU-SeeMe and its corresponding failure to bring a prompt amendment. Leave to amend should be denied.

### III.     CITRIX'S MOTION FOR LEAVE TO AMEND PREJUDICES PIXION

Prejudice to the non-moving party is the most important consideration in deciding whether to grant leave to amend. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "When the motion to amend is made after the close of discovery and near the time of trial, the **delay is considered especially prejudicial**." *Doe v. City & Cnty. of San Francisco*, No. C10-04700 THE, 2011 U.S. Dist. LEXIS 138108, at *4 (N.D.Cal. Dec. 1, 2011) (emphasis added). Fact discovery **closed** on February 14, 2012. DKT. NO. 101. Trial is scheduled for this fall with motions for summary judgment due in June. *Id.*

Courts routinely find that the non-moving party will be prejudiced where granting the motion would **require reopening discovery**. *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Dong Ah Tire & Rubber Co. v. Glasforms*, No.

C06-3359 JF, 2009 U.S. Dist. LEXIS 24089, at *8-9 (N.D. Cal. Mar. 10, 2009) (denying leave to amend because granting it would cause "substantial prejudice" to the non-moving party by requiring further discovery, causing delay in the proceedings, and increasing the cost of litigation); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding denial of motion to amend was proper where allowing amendment "would have required reopening discovery, thus delaying the proceedings"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (holding that district court did not abuse its discretion in denying plaintiff's motion to amend where amendment would have required reopening discovery); *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 U.S. Dist. LEXIS 58736, at *13-14 (N.D. Cal. Aug. 1, 2007) (finding that granting motion for leave to amend, which was filed after the close of discovery, would unduly prejudice non-moving party because it would involve "adding an additional 400 unnamed Doe defendants, asserting two new claims, and alleging a number of factual allegations."). **Fact discovery has closed**. DKT. NO. 101.  The prejudice in light of the close of fact discovery or, alternatively, the expense in re-opening the same is clear.

## IV.   CITRIX MISCHARACTERIZES PETER MADAMS TESTIMONY

Citrix also mischaracterizes Mr. Madams most recent deposition testimony.  The entirety of Citrix's motion, in fact, is premised on this mischaracterization.  Citrix states that "Mr. Madams was aware of CU-SeeMe and its similar functionality to [the] PictureTalk system," the latter of which *Citrix* characterizes and unilaterally concludes is "the invention disclosed in the patents-in-suit." SEALED MOTION OF P&A, 4:18-19.  This is not the case and Citrix is aware of the same.

In its initial infringement contentions, Pixion stated-- with respect to Patent Local Rule 3-1(g)-- that "[f]or the purpose of ***preserving the right*** to rely, for any purpose, on the assertion that its own apparatus, product, device . . . practices the claimed invention . . . Pixion identifies its *PictureTalk® Web Conferencing Software* product and any subsequent derivations of the same." See SPRINGER DECLARATION, ¶ 15 and EXHIBIT F, p. 4, l 13 (emphasis added).  Pixion was explicit that this was merely a *reservation of rights* and **not** a declaration of the same.  In fact, Pixion later expressly *disclaimed* any relationship between the PictureTalk system and the claims of the

Patents-in-Suit by way of its interrogatory responses. See SPRINGER DECLARATION, ¶ 16 and EXHIBIT G, p. 6, l. 21-23. In those responses, Pixion clearly stated that "no Pixion produce made, offered for sale or sold by Pixion practices or embodies any one or more of the claims of the Patents-in-Suit." *Id.*.

Citrix was aware of this potential distinction between the claims of the Patents-in-Suit vis-à-vis the PictureTalk System by way of Citrix's October 31, 2011 letter inquiring into the same. See SPRINGER DECLARATION, ¶ 17 and EXHIBIT H. Pixion provided a clear and unequivocal response dated November 11, 2011. That response affirmed that the claims of the Patents-in-Suit were not related to the PictureTalk System. See SPRINGER DECLARATION, ¶ 18 and EXHIBIT I. Notwithstanding being clearly aware that the claims of the Patents-in-Suit are not related to the PictureTalk System, Citrix now presents this motion-- a motion that seeks to introduce an allegation of fraud--suggesting the contrary.

Citrix's line of questioning concerning CU-SeeMe and any so called ""fundamental similarities" are specifically discussed in the context of **PictureTalk** and **not** the claims of the Patents-in-Suit. See SEALED MOTION OF P&A, 5:10-13. Nor was Mr. Madams requested to reference the claims of the Patents-in-Suit for comparison to CU-SeeMe. Mr. Madams was presented with various CU-SeeMe documents and then asked to read from those documents. Not once was Mr. Madams ever whether he had seen these documents. Mr. Madams's counsel even objected on this ground stating "the document speaks for itself and . . . [this] is presumably the first time he has seen this document and hasn't had a chance to review it." See SPRINGER DECLARATION, ¶ 19 and EXHIBIT J, 144:17-20. Notwithstanding the objection, counsel for Citrix never clarified the record..

The remainder of Citrix's motion relies upon the incorrect and expressly disclaimed premise that PictureTalk and the claims of the Patents-in-Suit are one and the same. For example, Citrix references a PictureTalk Business Plan and its discussion of CU-SeeMe: "the business plan states that all of these [purportedly competitive] products have "fundamental similarities" with **PictureTalk**, but there is no reference to the **claims** of the **Patents-in-Suit**. SEALED MOTION OF P&A, 6:14-15 (concerning Pixion's August 1995 Business Plan); see also SEALED MOTION OF

P&A 6:21-22 (concerning Pixion's December 1995 business plan and **PictureTalk**-- not the claims of the Patents-in-Suit); 6:27-7:2 (concerning Pixion's April 1996 competitive analysis report and **PictureTalk**-- not the claims of the Patents-in-Suit).  Notwithstanding these clear correlations of CU-SeeMe to **PictureTalk**-- **not** the claims of the Patents-in-Suit-- and the fact that Citrix was *aware* of these distinction between PictureTalk and the claims of the Patents-in-Suit, Citrix nevertheless declares that "[t]he Madams deposition . . . gives the factual basis to show that Pixion was aware of CU-SeeMe and considered it to be fundamentally similar (i.e., material) to the **patents-in-suit**."  SEALED MOTION OF P&A, 7:17-18 (emphasis added).[4]

## V.   CITRIX'S MOTION IS FUTILE

### A.   CU-SeeMe Has Already Been Disclosed and Considered by the Patent Office

While CU-SeeMe was not disclosed in an *Information Disclosure Statement* during prosecution of the applications that matured into the '515 Patent and the '191 Patent, CU-SeeMe was nevertheless provided to the Patent Office and appears in the file wrapper for both patents. EXHIBIT E is a part of a declaration submitted during prosecution of the '515 Patent to overcome a cited reference by 'swearing behind' the same.  SPRINGER DECLARATION, ¶ 13.  A similar declaration (and reference to CU-SeeMe) appears in the file wrapper of the '191 Patent. *Id.*  The Rule 131 declaration (and its reference to CU-SeeMee) was necessarily considered by the Examiner during prosecution of each patent as Pixion successfully 'swore behind' the reference.

Had the Examiner found the statements in the declaration (*i.e.*, EXHIBIT E) concerning CU-SeeMe and the so-called 'fundamental similarities' to PictureTalk to be of concern, the Examiner could have expressly requested further information under Rule 105.  Rule 105 provides that:

> "[i]n the course of examining . . . a pending . . . application . . . , the examiner or other Office employee may require the submission, from individuals identified under § 1.56(c) . . . of such information as may be reasonably necessary to properly examine or treat the matter, for example: . . . [t]echnical information known to applicant **concerning the related art** . . . .

---

[4] Pixion does not specifically allege bad faith in this opposition in that delay, prejudice, and futility, alone, evidence that leave should not be granted.

See 37 C.F.R. § 1.105 (a)(1)(viii) (emphasis added). The Examiner for the '515 Patent and the '191 Patent did not ask for any such information despite being made aware of CU-SeeMe and any purported 'fundamental similarities.'

Further evidencing the immaterial nature of the CU-SeeMe product to the **claims** of the Patents-in-Suit is the fact that **CU-SeeMe *was* disclosed to the Patent Office in the '304 Patent and '331 Patent *in addition to* Citrix's own January 19, 2010 invalidity claim charts**. See DKT. NO. 62, EXHIBITS C-D (U.S. patent numbers 7,813,304 and 7,715,331, specifically the REFERENCES CITED and identifying both CU-SeeMe and Citrix's invalidity charts as having been 'considered'); see also CITRIX'S PROPOSED AMENDMENT, 22:16-17 ("[t]hese exemplary charts show where **each limitation of the asserted claims** of the '191 and '515 Patents **appears in the CU-SeeMe software**").[5] Pixion all but 'gift wrapped' a potential rejection in the '304 and '331 Patent by providing the CU-SeeMe reference *and* Citrix's own invalidity claim charts applying the CU-SeeMe reference against the asserted claims. The Examiner did not render any rejection or even make a further inquiry into CU-See Me. See SPRINGER DECLARATION, ¶ 20. The Examiner in the '515 Patent, '191 Patent, the '304 Patent, and '331 Patent is the same. *Id.* at ¶ 21; see also CITRIX'S PROPOSED AMENDMENT, 24:8-9 ("[t]he claims of the '304 Patent are substantially similar to the claims of the '515 Patent"); 31:17-18 ("[t]he claims of the 331 Patent are substantively similar to the claims of the '191 Patent").

### B.  CITRIX FAILS TO PLEAD FACTS INFERING DECEPTIVE INTENT

To state a claim for inequitable conduct, a pleading must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual . . . withheld or misrepresented [material information] with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009) (emphasis added). Bald allegations of deceptive intent without supporting facts are insufficient. *Id*. at 1327 ("Although 'knowledge' and 'intent' may be averred generally, our precedent . . . requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with

---

[5] While Pixion does not address bad faith in this opposition, Pixion questions why Citrix failed to inform the Court that CU-SeeMe was disclosed to the Patent Office in the '304 and '331 Patents.

the requisite state of mind."). *See also, Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("[W]e decline to infer facts to support a claim that must be pled with particularity.").

Citrix alleges intent to deceive or some variant thereof in six paragraphs of its Counterclaim. See CITRIX'S PROPOSED AMENDMENT ¶¶ 120, 121, 150, 156, 157, 186. Nowhere does Citrix allege any underlying fact -- **not one fact** -- from which the Court could reasonably infer that Pixion's attorneys or agents had any intent to deceive the PTO. That defect alone mandates refusal of leave for amend.

The Federal Circuit has repeatedly rejected any suggestion that intent can be inferred based upon the alleged significance of withheld information. As the Federal Circuit noted, "consistent precedent has rejected the notion that the materiality of a reference alone can suffice to prove deceptive intent." *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1321 (Fed Cir. 2010) (collecting cases). *See also, Cancer Research Tech. Ltd. v. Barr Lab's, Inc*., 625 F.3d 724, 733 (Fed. Cir. 2010) ("intent to deceive cannot be found based on materiality alone."); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co*., 537 F.3d 1357, 1366 (Fed. Cir. 2008) ("[T]he fact that information later found material was not disclosed cannot, by itself, satisfy the deceptive intent element of inequitable conduct."). Indeed, *McKesson* itself noted that "inequitable conduct requires not intent to withhold, but rather intent to deceive. Intent to deceive cannot be inferred simply from the decision to withhold [information].' *McKesson*, 478 F.3d at 913 (quoting *Dayco Products, Inc. v. Total Containment, Inc*., 329 F.3d 1358, 1367 (Fed. Cir. 2003)).

Further undermining any inference of deceptive intent is the undisputed fact that Pixion voluntarily identified the CU-SeeMe reference and the corresponding Citrix invalidity charts during prosecution of the '304 Patent and '331 Patent. Pixion's voluntary disclosure of not only the references but the corresponding invalidity charts shows that Pixion acted in good faith. This act alone mitigates against any finding of deceptive intent.

## VI. CONCLUSION

Inequitable conduct is a serious charge -- the accusation alone can tarnish the good reputation of an attorney or patent agent. As noted by the Federal Circuit, "te habit of charging inequitable conduct in almost every major patent case has become an absolute plague. *Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed Cir. 1988). Citrix's charges of inequitable conduct are precisely the type admonished by the Federal Circuit. Citrix has failed to meet the pleading requirements established by Rule 9(b) and governing precedent, and amendment would be futile. The undue delay of Citrix in conducting discovery with respect to the testimony of Peter Madams and the present motion for leave to amend coupled with the inaccurate representations of that testimony further weigh against granting leave.

Citrix's motion should be denied.[6]

Dated: March 14, 2012      LEWIS AND ROCA LLP

By:    */s/ Colby B. Springer*
COLBY B. SPRINGER (SBN 214868)
cspringer@lrlaw.com
LEWIS AND ROCA LLP
2440 W. El Camino Real, 6th Floor
Mountain View, CA 94040-1499

SHANE OLAFSON (*pro hac vice*)
solafson@lrlaw.com
NATHANIEL EDWARDS (*pro hac vice*)
nedwards@lrlaw.com
LEWIS AND ROCA LLP
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004

*Attorneys for Plaintiff and Counterdefendant Pixion, Inc.*

---

[6] Counts IX-XIII (¶ 40-118) raised in Citrix's proposed amended counterclaims have already been dismissed by the Court with prejudice. See DKT. NO. 113:11:9-11. The logic that the Court applied in that order is equally applicable, here, with respect to a lack of intent to deceive.