IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXION, INC., | No. C 09-03496 SI |
| Plaintiff, | **ORDER RE: MOTION TO COMPEL DISCOVERY** |
| v. | |
| CITRIX SYSTEMS, INC., | |
| Defendant. | |
| AND RELATED COUNTER-CLAIMS. | |

Defendant Citrix Systems, Inc. ("Citrix") and plaintiff Pixion, Inc. ("Pixion") have submitted a joint letter brief requesting the Court's assistance in resolving a discovery dispute. Citrix seeks an order from the Court compelling Pixion to 1) review a set of boxes related to the *Placeware* litigation and produce responsive information, as well as a privilege log of any documents withheld on the basis of privilege, 2) provide a witness or declaration confirming production of all responsive documents, and 3) pay all fees and costs associated with the production of these documents, including Citrix's costs of reopening depositions and commissioning supplementary expert reports.

Citrix served its first set of Requests for Production ("RFPs") (Nos. 1-41) on March 15, 2010. RFP No. 21 requested documents related to *Pixion v. Placeware*, a prior lawsuit involving patents held by Pixion,[1] and RFP No. 31 requested documents pertaining to assertions made by Pixion about the

---

[1] Citrix's RFP No. 21: "All deposition transcripts, discovery responses and expert reports from *Pixion v. Placeware*, Case No. 3:03-cv-02909-SI."

current patents-in-suit in "any other litigation or proceeding."[2] The parties attempted to settle the case and, after settlement negotiations broke down, the parties withdrew and re-served discovery, including Citrix's first set of RFPs, on May 10, 2011. Pixion served its responses to Citrix's first set of RFPs on June 20, 2011, stating, in its responses to both RFP Nos. 21 and 31, that "Pixion agrees to produce and has produced non-privileged responsive documents, if any, in its possession, custody or control or otherwise agrees to make such documents available for inspection and copying at a mutually agreeable time and place." Joint Letter Brief ("JLB"), Ex. B at 14, 20.

On January 3, 2012, Citrix contacted Pixion by telephone to inquire specifically about the lack of documents responsive to RFP Nos. 21 and 31. The parties exchanged volleys as the February 14, 2012 fact discovery closure date approached, and, on February 17, 2012, Pixion stated to Citrix that "there are some documents maintained in paper form at Carr & Ferrell related to *Placeware* to which you are welcome to inspect and copy." JLB at 5. Citrix accepted the offer on the same day.

On February 24, 2012, Citrix went to the offices of Carr & Ferrell to inspect the boxes related to the *Placeware* litigation. Citrix claims that it was presented with only eighteen of the fifty boxes of documents and that the other thirty-two boxes were withheld by Pixion on the grounds that they were third-party documents or privileged. Citrix also claims that, within the eighteen boxes it was allowed to inspect, it "quickly located responsive information" to RFP Nos. 21 and 31 and that Pixion produced those documents on March 9, 2012, albeit in a format that did not comply with the parties' production agreement. On March 9, 2012, Citrix moved for leave to file a motion to compel discovery beyond the limit of one week from the date of closure of fact discovery imposed by Local Rule 37, and, on March 22, 2012, this Court granted Citrix leave to file the instant motion.

It is Citrix's position that even its "cursory review contradicted every representation made by Pixion about its document production in general and the contents of these boxes in specific . . . . Pixion

---

[2] Citrix's RFP No. 31: "All documents pertaining to all assertions, including but not limited to assertions taken by Pixion, in any other litigation or proceeding, concerning the scope, infringement or non-infringement, validity or invalidity, enforceability or unenforceability, patentability or unpatentability of any claims of the patents-in-suit or the patent family." On March 9, 2012, Citrix moved for leave to file a motion to compel discovery beyond the limit of one week from the date of closure of fact discovery imposed by Local Rule 37, and, on March 22, 2012, this Court granted Citrix leave to file the instant motion.

missed obviously responsive information – expert reports and deposition transcripts directly related to the issues in this case that they had agreed to produce." JLB at 3. Pixion's position is that "Citrix unreasonably delayed in engaging in discovery and was equally dilatory in failing to seek out review of certain repositories of documents of which it has long been aware." JLB at 3. Pixion notes that it notified Citrix on December 15, 2009 "that certain documents were in the possession of Carr & Ferrell LLP and that the 'volume of documents' prevented their physical production at that time." *Id.* at 4. Pixion claims that it invited Citrix to inspect the boxes in its June 20, 2011 responses to Citrix's first set of RFPs, and that Pixion responded to Citrix's specific requests for documents related to the *Placeware* litigation in early 2012 by "indicat[ing] that it had 'produced or otherwise made available for copying all responsive and non privileged documents in our possession or control.'" *Id.*

The Court agrees with Citrix that the set of boxes at issue should be reviewed by Pixion for information responsive to RFP Nos. 21 and 31. While Pixion's June 20, 2011 responses to Citrix's first set of RFP mention that Pixion "agrees to make such documents available for inspection," JLB Ex. B at 20, the responses do not specify the location of the documents or invite Citrix's inspection. Further, the fact that Citrix found responsive documents after Pixion indicated that "it is Pixion [six] belief that responsive documents have been produced," JLB at 5, suggests that Pixion may find more responsive documents upon further review of the boxes at issue. The Court further agrees that Pixion should produce a witness or declaration confirming the production of all information responsive to RFP Nos. 21 and 31 located in the set of boxes at issue, as well as a privilege log for any responsive information withheld on the basis of privilege.

The Court denies Citrix's request to compel Pixion to pay any cost that Citrix incurs as a result of information produced from the boxes at issue.

Accordingly, the Court hereby ORDERS Pixion to conduct a review of the boxes of documents related to the *Placeware* litigation, to produce responsive documents, and to provide a witness or declaration confirming Pixion's compliance with this order.

**IT IS SO ORDERED.**

Dated: March 28, 2012

SUSAN ILLSTON
United States District Judge

3