1

2

3

4

5

6                    UNITED STATES  DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9    PIXION, INC.,                                    No. C 09-03496-SI

10                           Plaintiff,               **ORDER DENYING DEFENDANTS'**
                                                      **MOTION FOR LEAVE TO AMEND**
          v.
11                                                    **ANSWER AND COUNTERCLAIMS**
     CITRIX SYSTEMS, INC., et al.,
12
                           Defendants.
13   _____/

14   AND RELATED COUNTERCLAIMS.
     _____/
15

16          Defendants/counter-claimants Citrix Systems, Inc. and Citrix Online, LLC (collectively,

17   "Citrix") have moved for leave to amend their answer to plaintiff Pixion, Inc.'s second amended

18   complaint.  Citrix wishes to add counterclaims alleging that Pixion engaged in inequitable conduct in

19   the prosecution of U.S. Patent Nos. 7,369,515 and 7,426,191 by failing to disclose certain prior art, and

20   that, through the doctrine of infectious unenforceability, this failure to disclose also renders U.S. Patent

21   Nos. 7,715,331 and 7,813,304 unenforceable.  A hearing on the motion was held on April 6, 2012.  For

22   the reasons set forth below, the Court DENIES the motion.

23

24                                           **BACKGROUND**

25          Pixion is a company formed in 1995 that focuses on developing "cost-effective interactive online

26   meeting environments such as web conferencing solutions."  Second Am. Compl. at 2.  Plaintiff alleges

27   that defendants Citrix "makes, uses, offers to sell, and sells in the United States and imports into the

28   United States online conferencing and collaboration systems" that infringe various patents belonging

UNITED STATES DISTRICT COURT
For the Northern District of California

1  to plaintiff. *Id.* at 5. Specifically, plaintiff alleges infringement of four patents: U.S. Patent No.

2  7,369,515 (the "'515 Patent"), No. 7,426,191 (the "'191 Patent"), No. 7,715,331 (the "'331 Patent"),

3  and No. 7,813,304 (the "'304 Patent") (collectively, the "Patents-in-Suit"). The '515 Patent was applied

4  for in 2005 and issued in 2008, and its child, the '304 Patent, issued in 2010. Similarly, the '191 Patent

5  was applied for in 2005 and issued in 2008, and its child, the '331 Patent, issued in 2010. This Court

6  previously granted Pixion's motion to dismiss counterclaims alleging inequitable conduct for failure to

7  disclose certain negative office actions occurring with respect to co-pending patent applications, without

8  leave to amend, because Citrix did not, and could not, adequately plead intent to deceive. *See* Dkt. 113.

9  Currently before the Court is Citrix's motion for leave to amend its counterclaims to add

10  additional counts of inequitable conduct distinct from those previously dismissed by the Court. Citrix

11  seeks to add counterclaims alleging that Pixion failed to disclose to the United States Patent and

12  Trademark Office ("USPTO") certain prior art during the prosecutions of the '515 and '191 Patents.

13  Specifically, Citrix claims that Pixion failed to disclose references to software named "CU-SeeMe" in

14  any patent applications to which the Patents-in-Suit claim priority or in the prosecutions of the '515 and

15  '191 Patents. Citrix's Mem. for L. to Am. at 2; Dkt. 110. CU-SeeMe is web conferencing software

16  developed at Cornell University in the 1990s that Citrix claims is "fundamentally similar" to the Pixion

17  invention asserted in this case. *Id.* Citrix points out that Pixion produced a series of documents that

18  "categorize the CU-SeeMe reference as 'competition' that is 'fundamentally similar' to the Pixion

19  invention asserted in this case." *Id.*

20  Citrix claims that this motion was necessitated by the February 2012 deposition testimony of one

21  of the listed inventors of the Patents-in-Suit, Mr. Peter Madams. At that deposition, Mr. Madams

22  testified about similarities between CU-SeeMe and Pixion's PictureTalk System[1] ("PictureTalk").

23  Madams Dep., 140:18-22 ("Did you believe in August of 1995 that CU-SeeMe shared fundamental

24

25  [1]     PictureTalk System is software, owned by Pixion, that "enables anyone connected to a network,
26  either locally or through the internet, to visually share anything on a PC, Mac, or Unix workstation with
27  any number of people simultaneously." Mem. for L. to Am., Ex. C at 1. Pixion has "expressly
     disclaimed any relationship between the PictureTalk system and the claims of the Patents-in-Suit."
28  Opp'n at 5-6.

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1   similarities with PictureTalk?" "Yeah, they do."). Mr. Madams also testified that he had used CU-

2   SeeMe before the priority date of the parent patent. *Id.*, 138:21-139:2. ("Did you download the CU-

3   SeeMe software at any time?" "I think I did, yes." "Did you download the CU-SeeMe software in

4   August 1995?" "I actually think I used CU-SeeMe years before that.") Citrix argues that "[b]ecause

5   CU-SeeMe incorporated all the claims in the patents-in-suit, and its overarching similarity to the

6   functioning of the patents-in-suit, it was material to the prosecution of the patents-in-suit, was not

7   cumulative and should have been disclosed." *Id.* at 4.[2]

8        Pixion contends that the motion for leave to amend is unnecessarily delayed, prejudicial to

9   Pixion, misleading, and futile. Pixion notes that CU-SeeMe appears in the References Cited section of

10  both of the children '304 and '331 Patents. Further, Pixion points out that "CU-SeeMe was disclosed

11  to the Patent Office in the '304 Patent and '331 Patent in addition to Citrix's own January 19, 2010

12  invalidity claim charts" and that "[t]he Examiner in the '515 Patent, '191 Patent, the '304 Patent, and

13  '331 Patent is the same." Opp'n at 8.

14

15                                    **LEGAL STANDARD**

16      Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a

17  responsive pleading has already been filed, the party seeking amendment "may amend its pleading only

18  with the opposing party's written consent or the court's leave. The court should freely give leave when

19  justice so requires." Fed. R. Civ. P. 15(a). Five factors inform a court's decision whether to grant leave

20  to amend: bad faith, undue delay, prejudice to the opposing party, whether the party has previously

21  amended, and futility of amendment. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir.

22  2011). Thus while courts do not ordinarily consider the validity of a proposed amended pleading in

23

24

25  [2]     "Each individual associated with the filing and prosecution of a patent application has a duty of
    candor and good faith in dealing with the [USPTO], which includes a duty to disclose to the [USPTO]
26  all information known to that individual to be material to patentability . . . ." 37 C.F.R. § 1.56(a). A
    breach of the duty of candor may lead to a finding of inequitable conduct rendering the entire patent
27  unenforceable. *See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999-1000 (Fed.
    Cir. 2007)
28

1    deciding whether to grant leave to amend, leave may be denied if the proposed amendment is futile or

2    would be subject to dismissal. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

3

4                                                    **DISCUSSION**

5          Pixion argues that Citrix's motion for leave to amend should be denied because it is

6    unnecessarily delayed, would prejudice Pixion if granted, and is futile. Because the Court considers the

7    issue of futility dispositive, it need not reach the issues of delay and prejudice.

8          Pixion asserts that Citrix's motion is futile because the Patent Examiner considered CU-SeeMe

9    during prosecution of the child patents, '304 and '331. CU-SeeMe appears in the child patents'

10   respective References Cited sections. Because those patents issued despite reference to CU-SeeMe,

11   Citrix cannot meet its burden showing the parents patents would not have issued had CU-SeeMe been

12   disclosed in an Information Disclosure Statement. *Id.* Moreover, while not disclosed in an Information

13   Disclosure Statement, "CU-SeeMe was nevertheless provided to the [USPTO] and appears in the file

14   wrapper for both [the '515 and '191] patents." Opp'n at 7. Pixion references a Rule 131 declaration

15   "swearing behind" another patent, which attached a 1995 PictureTalk Business Plan. On page 6 of that

16   plan is the statement that "Intel's ProShare Product, Fujitsu's shared whiteboard, Mbone and CU-SeeMe

17   all share some fundamental similarities with PictureTalk." Opp'n, Ex. E at 19. Pixion argues that, had

18   the examiner found the statements regarding CU-SeeMe to be of concern, the Examiner could have

19   requested further information under Rule 105. *See* 37 C.F.R. § 1.105(a)(1)(viii). He did not do so.

20         Citrix contends that, by whatever means CU-SeeMe was eventually disclosed to the USPTO,

21   Pixion failed to comply with the duty of disclosure, codified at 37 C.F.R. § 1.56. Further, Citrix asserts

22   that Pixion's representation that "CU-SeeMe was provided to the Patent Office and 'appears in the file

23   wrapper' is misleading, and does not prove that the reference was properly submitted to the examiner

24   for consideration as prior art, or that it was even considered by the examiner at all." Reply at 10.

25         In the prosecution of a patent, applicants are charged with "a duty of candor and good faith in

26   dealing with the [USPTO], which includes a duty to disclose to the [USPTO] all information known to

27   that individual to be material to patentability." 37 C.F.R. § 1.56(a). A breach of the duty of candor may

28

UNITED STATES DISTRICT COURT
For the Northern District of California

4

1   lead to a finding of inequitable conduct rendering the entire patent unenforceable.  *See Honeywell Int'l*

2   *Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999-1000 (Fed. Cir. 2007).  Inequitable conduct

3   claims must "include sufficient allegations of underlying facts from which a court may reasonably infer

4   that a specific individual (1) knew of the withheld material information or of the falsity of the material

5   misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive

6   the PTO." *Exergen  Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009).

7         The Federal Circuit has recently raised the standard of materiality for an inequitable conduct

8   inquiry to a but-for standard:

9            This court holds that, as a general matter, the materiality required to establish
    inequitable conduct is but-for materiality.  When an applicant fails to disclose prior art
10   to the PTO, that prior art is but-for material if the PTO would not have allowed a claim
    had it been aware of the undisclosed prior art.  Hence, in assessing the materiality of a
11   withheld reference, the court must determine whether the PTO would have allowed the
    claim if it had been aware of the undisclosed reference.

12

13   *Therasense, Inc. v. Becton, Dickinson and* Co.,  649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc).

14         Thus, to ultimately succeed on its claim for inequitable conduct, Citrix would have to prove that

15   "submission of the withheld item would have led to a rejection." *Therasense, Inc. v. Becton, Dickinson*

16   *and Co.*, No. C 04-02123 WHA, 2012 WL 1038715, at *1 (N.D. Cal. March 27, 2012) (on remand).

17         Here, then, the relevant question as to materiality is whether the USPTO would have granted the

18   applications for the '515 and '191 Patents had it been aware of the reference to CU-SeeMe.  The Court

19   finds that the answer is yes, the USPTO would have issued the '515 and '191 Patents had CU-SeeMe

20   been disclosed in an Information Disclosure Statement.  Citrix does not and cannot show that the

21   USPTO would have rejected the '515 and '191 Patents had CU-SeeMe been disclosed.

22         First, a reference to CU-SeeMe appears in the file wrapper of the '515 and '191 Patents because

23   it was disclosed to the USPTO when Pixion swore behind a reference to prior art entitled Grimm.  On

24   April 27, 2006, Pixion submitted a Rule 131 declaration that states that "the subject matter described

25   and claimed in this application was invented prior to March 21, 1996, which is the earliest possible

26   effective filing date of United States patent number 6,345,297 to Grimm, et al." Opp'n, Ex. E at 7.

27   Attached to the Rule 131 Declaration was an August 1995 PictureTalk Business Plan, on page 6 of

28

UNITED STATES DISTRICT COURT
For the Northern District of California

5

1  which is a statement that, "Intel's Plowshare Product, Fujitsu's shared whiteboard, MBONE and CU

2  See Me all share some fundamental similarities with PictureTalk." Opp'n, Ex. E at 19. CU-SeeMe was

3  therefore disclosed to the USPTO, albeit not in an Information Disclosure Statement.

4  More importantly, Pixion disclosed CU-SeeMe to the USPTO in its prosecution of the child

5  patents (the '304 and '331 Patents) and it appears in the Cited References of those issued patents. Dkt.

6  62, Second Amended Complaint, Ex. C at 3-4, Ex. D at 2-4; *See* 37 C.F.R. 1.56(a) ("The duty to

7  disclose all information known to be material to patentability is deemed to be satisfied if all information

8  known to be material to patentability of any claim issued in a patent was cited by the Office . . . ."").

9  Additionally, in its prosecution of the child patents, Pixion submitted to the USPTO Citrix's invalidity

10  charts, which included CU-SeeMe. Notwithstanding these references to CU-SeeMe, the USPTO issued

11  the '304 and '331 Patents, and its actions are entitled to a presumption of validity. 35 U.S.C. § 282 ("A

12  patent shall be presumed valid."); *see Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1566

13  (Fed. Cir. 1983) ("[T]he presumption of validity is not weakened or destroyed where merely pertinent

14  non-considered prior art is introduced, but that the offering party is more likely to carry the burden of

15  persuasion imposed by 35 U.S.C. § 282 when art more pertinent than that considered is introduced.").

16  The child patents are derivative of the parent patents. *See* Dkt. 91, Claim Construction Order,

17  at 2-3 ("In the claims of the '515 and '304 Patents, the conference server assesses the capabilities of the

18  attendee's computer 'after establishing the client-server connection *but prior* to [the] client joining the

19  conference.'. . . The '191 and '331 patents focus on reading the client's capabilities during a conference

20  allowing the system to dynamically change the client's class in real time.") Citrix concedes that the

21  '304 Patent is "substantially similar" to the '515 Patent, Second Am. Ans. at ¶ 70, and that the '331

22  Patent is "substantially similar" to the '191 Patent, *id.* at ¶ 102. Moreover, the Examiner, Robert

23  Wilson, was the same for all four Patents-in-Suit.

24  Thus, because the USPTO issued the child patents notwithstanding the reference to CU-SeeMe

25  and because the child patents are derivative of and substantially similar to the parent patents, and

26  because CU-SeeMe was disclosed in the Rule 131 Statement during prosecution, Citrix will not be able

27  to prove that CU-SeeMe was but-for material to the '515 and '191 Patents. Because the Court finds the

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1  issue of but-for materiality dispositive, it need not address intent to deceive.  Citrix's motion is hereby

2  DENIED.

3

4  **CONCLUSION**

5  For the foregoing reasons and for good cause shown, the Court hereby DENIES Citrix's motion

6  for leave to amend its answer and counterclaims.

7

8  **IT IS SO ORDERED.**

9

10  Dated: April 16, 2012

11  _____

12  SUSAN ILLSTON
   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7