IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXION, INC., | No. C 09-03496 SI |
| Plaintiff, | |
| v. | **ORDER OVERRULING PLAINTIFF'S OBJECTION TO TAXATION OF COSTS; VACATING HEARING** |
| CITRIX SYSTEMS, INC., and CITRIX ONLINE, LLC. | |
| Defendants. | |

Now before the Court is plaintiff's objection to the taxation of certain costs under Federal Rule of Civil Procedure 54(b)(1). Defendants have opposed the objection, and plaintiff has filed a reply. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing. Having considered the parties' arguments, the Court hereby OVERRULES plaintiff's objection, for the reasons set forth below.

**BACKGROUND**

Plaintiff Pixion sued defendants (collectively "Citrix") for patent infringement. Citrix filed counterclaims for declaratory relief alleging non-infringement, invalidity, and unenforceability of the patents due to Pixion's purported inequitable conduct. On March 8, 2012, the Court granted Pixion's motion for judgment on the pleadings as to one of Citrix's counterclaims, finding that Pixion did not engage in inequitable conduct. *See* Dkt. 113. On August 13, 2012, the Court granted summary judgment for Citrix on the remaining patent invalidity and non-infringement claims. *See* Dkt. 178. On August 28, 2012, Pixion filed a notice of appeal to the Federal Circuit. Citrix filed a Bill of Costs on

August 30, 2012, seeking taxable costs in the amount of $91,137.74, which it later reduced to $87,596.52. Dkts. 182, 189, 194. Pixion filed an objection to the Bill of Costs. Dkt. 192.

On January 14, 2013, the Clerk of the Court reduced taxable costs to $45,330.36, disallowing $41,980.27 as "unrecoverable under Civil Local Rule 54-1(a)," with no further explanation.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs. Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

28 U.S.C. § 1920 "enumerates the expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 WL 515879 (N.D. Cal. Dec. 2, 1993). Additionally, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

## DISCUSSION

Citrix has not objected to the Clerk's disallowance of $41,980.27.[1] Instead, the instant motion concerns only Pixion's objection to $3,013.53 in costs associated with the service of a deposition

---

[1] A district court reviews the Clerk's taxation of costs de novo. *Lopez v. San Francisco Unified Sch. Dist.*, 385 F.Supp.2d 981, 1000–1001 (N.D. Cal. 2005). Upon review, these costs were properly disallowed by the Clerk as they improperly included paralegal and staff labor costs, travel costs, and vague, unsupported document production processing costs. *See* James Decl., Ex. 1 (Dkt. 194-2).

2

subpoena on Joseph Salesky, the first named inventor of the patents-in-suit and founder and first CEO of PictureTalk, the predecessor of Pixion.[2] Pixion contends that Salesky was "lawfully served" at 4:51 p.m. on January 27, 2012, when Salesky fled while a process server attempted service on him. Thus, the 27.5 hours of "surveillance," and associated fees amounting to $3,013.53, which all occurred after the date and time in question, should not be recoverable. In other words, in Pixion's view this "extra" time and money was not necessary because service had already effectively been accomplished.

According to Citrix, it engaged First Legal Solutions to conduct surveillance on Salesky outside his place of business in order to serve the subpoena on him. On the day and time in question, the investigator identified and approached Salesky, addressed him by name and showed Salesky a photo of himself:

> Observed subject, who matched the picture given by client, exiting the elevator in the main lobby. I then approached subject and called out his name, he replied I am not Joseph Salesky. I the[n] showed him the photo that I had in my hand, I announced service and placed documents at his feet. Subject then bolted out the door towards the parking lot. As I followed after subject. All I heard was screeching tires but did not see an actual vehicle.

Dkt. No. 194-20, Ahearn Decl. Ex. 6, at 1. Subsequently, on January 28-29, investigators waited for Salesky outside his home, and on January 29, 2012 at 3:32 p.m., an investigator personally served Salesky as he exited his home towards a car parked in his driveway. *Id*. at 3-4. Pixion contends that by placing the documents at Salesky's feet days earlier, service had been lawfully accomplished and that no further efforts were necessary.

The Court disagrees. Pixion misstates the issue. The issue is not whether the January 27, 2012 attempt was effective service, and the Court declines to take a position on that issue. Instead, Civil Local Rule 54-3(a)(2) provides that service costs are "allowable to the extent *reasonably* required and actually incurred." (emphasis added). The issue here is whether it was reasonable for Citrix to make additional efforts subsequent to the January 27, 2012 attempt.

---

[2] In its motion, Pixion objected to the entirety of the costs of serving Salesky – $3,802.53 – and to $251.70 and $295.80 for the service of other subpoenas. *See* Doc. 196. However, Pixion withdrew these objections in its reply and now objects only to a portion of the Salesky service costs.

3

The Court concludes that it was reasonable under the circumstances. First, as detailed in Citrix's papers, Salesky had attempted to frustrate service of process several times before. *See* Dkt. 198 at 4. Second, the cases primarily relied upon by Pixion, which generally relate to the service of a summons and complaint, do not rebut Citrix's position that its actions in attempting to serve a *subpoena* in this case were reasonable. In each of those cases, plaintiff sought to prove that it had technically served a summons and complaint on an unwilling defendant. *See, e.g.*, *Doe v. Qi*, 349 F.Supp.2d 1258, 1275 (N.D. Cal. 2004); *Travelers Casualty and Surety Co. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009). The subpoena at issue here sought to compel a third party witness to appear at deposition, and the question is not whether service occurred, but whether the costs incurred in the various attempts at service were reasonable. Unlike a plaintiff serving a summons and complaint, Citrix had little incentive to later argue it technically completed service by dropping the papers at Salesky's feet. Instead, Citrix's goal was to actually compel Salesky to appear and provide testimony. Having found him previously uncooperative, and having had him flee days prior, the Court finds that the service costs were reasonably required. This is not to say that third party subpoenas are subject to a heightened notice requirement beyond what is required by the Federal Rules of Civil Procedure. Rather, the Court holds only that under Civil Local Rule 54-3(a)(2), it was reasonable for Citrix to incur these costs through its aggressive surveillance efforts, given the nature of Salesky's prior conduct and the purpose Citrix sought to achieve through service, that of compelling Salesky's appearance.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Pixion's motion for reversal. Defendant shall be awarded $45,330.36 in costs.

**IT IS SO ORDERED.**

Dated: March 20, 2013

SUSAN ILLSTON
United States District Judge

4